IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT POINDEXTER                                               PLAINTIFF

V.                                       NO. 10-5085

MICHAEL J. ASTRUE,

Commissioner of the Social Security Administration           DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Robert Poindexter, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.  Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on December 10, 2007, alleging an inability to work since April 1, 2007, due to back problems and gout. (Tr. 135, 139). An administrative hearing was held on May 4, 2009, at which Plaintiff appeared with counsel, and Plaintiff, his wife, and two friends testified. (Tr. 5-32).

By written decision dated October 21, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - gout and back problems. (Tr. 37-48). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 42). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform less than a full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can occasionally lift and carry 10 pounds and frequently less than 10 pounds. He can sit for 6 hours in an 8 hour work day and can do so without interruptions for 2 hour time blocks. He can stand and walk for 2 hours in an 8 hour work day. He can occasionally climb, balance, crawl, stoop, kneel and crouch.

(Tr. 43). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform other work in such jobs as charge accountant/new account interviewer, general office clerk, and receptionist and information clerk. (Tr. 48).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 11, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 8).

**II.    Evidence Presented:**

Plaintiff was born in 1972 and completed two years of college. (Tr. 135, 144). The record reflects that Plaintiff worked at various places from 1990 to 2007, and also worked some after the alleged onset date. However, this work did not rise to the level of substantial gainful activity. (Tr. 42).

As background information, Plaintiff had his first back surgery in 1998, when a Lumbar

AO72A
(Rev. 8/82)

Laminectomy and Discectomy L5-S1 was performed. (Tr. 259). Another back surgery was performed on Plaintiff on September 19, 2000, by Dr. John Fox, Professor of Neurosurgery at UAMS. (Tr. 204). Progress notes dated October 9, 2000, indicate that six weeks after the surgery, some of Plaintiff's back pain persisted. However, his numbness and weakness had, for the most part, resolved. (Tr. 235). Plaintiff continued to receive follow-up treatment at the University Hospital of Arkansas in 2000 and 2001. (Tr. 291, 290, 289, 288, 287). On June 25, 2001, Plaintiff was diagnosed with gout. (Tr. 286). On August 31, 2001, Plaintiff was allowed to return to work, with no heavy lifting. (Tr. 283, 236).

The medical records reflect that Plaintiff did not receive any treatment from August 31, 2001 until December 8, 2006, at which time he presented himself to Northwest Physicians, complaining of nausea and vomiting. (Tr. 303). It was not until January 8, 2007, that Plaintiff complained that he had a flare up of gout when he presented himself to Northwest Physicians. (Tr. 299). He complained that he had severe pain and swelling in his bilateral feet and ankles, with no relief. (Tr. 299). On February 28, 2007, Plaintiff continued to complain to Northwest Physicians of back pain from his upper middle of the back all the way down, and had numbness from his left shoulder all the way down to his left foot, with his left hand tingling and having trouble gripping. (Tr. 297).

On September 13, 2007, Plaintiff presented himself to Washington Regional Medical Center, complaining of right arm pain, and was diagnosed with muscle strain in his right forearm. (Tr. 327329). An x-ray of his forearm revealed no acute fracture or malalignment, and

soft tissue swelling at the olecranon.[1]

On November 20, 2007, Plaintiff presented himself to Washington Regional Medical Center, complaining that his gout pain in his feet was flaring up and that he was out of his Alopurinol and Indometh. (Tr. 318). On January 12, 2008, Plaintiff again presented himself to Washington Regional Medical Center, complaining of vomiting and joint pain. (Tr. 307). He was diagnosed with "Arthritis-gouty." (Tr. 309). Upon discharge that same day, he was given discharge instructions which described "Arthritis gout" and gouty arthritis." [2] (Tr. 345).

On February 22, 2008, a Physical RFC Assessment was completed by Dr. Bill F. Payne. (Tr. 352-359). In the assessment, Dr. Payne found that Plaintiff could:

> occasionally lift and/or carry (including upward pulling) 20 pounds; frequently lift and/or carry (including upward pulling) 10 pounds; stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; and push and/or pull (including operation of hand and/or foot controls) unlimited, other than as shown for lift and/or carry.

(Tr. 353). Dr. Payne also found that no postural, manipulative, visual, communicative, or environmental limitations were established. (Tr. 354-356).

On March 18, 2008, Plaintiff presented himself to Washington Regional Medical Center, complaining of ankle, left knee, and right elbow pain. (Tr. 362). He was unable to stand up, and denied a fall or trauma/injury. (Tr. 362). He reported that he drank cherry and cranberry juice as much as he could, and believed that it actually helped more than the medicine, and reported

---

[1] Olecranon- The proximal bony projection of the ulna at the elbow, its anterior surface forming part of the trochlear notch. Dorland's Illustrated Medical Dictionary 1337 (31st ed. 2007).

[2] The Discharge Instructions define "arthritis gout" as follows:
Gout or "gouty arthritis" is an inflammation of the joint due to a build-up of gout crystals in the joint fluid. This occurs in people with excess uric acid in their system. Gout causes a hot, red, swollen and painful joint. If you have had one episode of gout, you are likely to have another. If these attacks become frequent it may be necessary to take a daily medicine to correct this.
(Tr. 345).

that "I can't afford to get my medications to take all the time." (Tr. 364). He was diagnosed with arthritis and gout. (Tr. 365).

**III. Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3),

1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**IV:   Discussion:**

    **A. Plaintiff's Impairments:**

Plaintiff argues that the ALJ failed to consider the combined effect of Plaintiff's impairments. He also argues that the ALJ failed to address Plaintiff's asthma, arthritis and degenerative disk disease. The ALJ found that Plaintiff suffered from the severe impairments of back problems and gout. He recognized that if the Plaintiff's impairment or combination of impairments met or medically equaled the criteria of a listing and met the duration requirement, he would be disabled, and if it did not, he must proceed to the next step in the evaluation. (Tr. 41). The ALJ stated that he considered all listed impairments, specifically those impairments relating to musculoskeletal disorders found in Section 1.00 and immune disorders found in

14.00. (Tr. 43). He concluded that there were no medical findings that precisely met or medically equaled the criteria described in any listed impairment. (Tr. 43). A review of these listings leads the Court to conclude that Plaintiff's impairments do not meet the criteria set out in these listings.

Plaintiff's argument that the ALJ failed to properly address Plaintiff's diagnosed asthma, arthritis and degenerative disc disease is without merit. As stated earlier, the ALJ found Plaintiff's back problems and gout to be severe impairments, and arthritis and degenerative disc disease are included in "back problems and gout."

With respect to Plaintiff's asthma, Plaintiff did not allege disability due to asthma, which is significant. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001); see also Hensley v. Barnhart, 352 F.3d 353, 357 (8th Cir. 2003). Furthermore, other than being treated for evaluation of a sore throat and cough on August 9, 2006, there is no real evidence of record to indicate that Plaintiff had any serious treatment for asthma during the relevant time period.

The Court finds the ALJ properly addressed all of Plaintiff's impairments, alone and in combination, and that there is substantial evidence to support his finding that Plaintiff's back problems and gout are severe.

### B. Subjective Complaints and Credibility Analysis:

Plaintiff argues the ALJ erred in disregarding Plaintiff's testimony relating to his pain and discomfort. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional

restrictions. See Polaski v. Heckler, 739 F.3d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ stated that Plaintiff's subjective pain and discomfort "has been duly recognized and considered." (Tr. 44). He added that the mere inability to work without some degree of pain or discomfort, of a minimal to mild nature, did not necessarily constitute a "disability" for Social Security purposes. He further stated:

> The Administrative Law Judge has attempted to discharge his duty to find the nature, degree, and level of the claimant's subjective pain and other discomfort, and the functional restrictions which it imposes, by carefully considering all pertinent evidence in the record as a whole. This includes careful consideration of the claimant's testimony at the hearing. However, it appears from the weight and preponderance of all the credible evidence of record, including the medical evidence and testimony that the pain and discomfort factor is not of such persistence or severity as to be disabling from his alleged onset date through the date of this decision.

(Tr. 44). The ALJ considered Plaintiff's gout episodes, his daily activities, his two back surgeries, and the fact that he takes no medications because he cannot afford them. The medical records confirm that after the alleged onset date, April 1, 2007, Plaintiff complained of gout and joint pain and muscle strain in his right forearm on September 13, 2007, November 20, 2007, and January 12, 2008. However, after the Physical RFC Assessment was completed by Dr. Payne on February 22, 2008, Plaintiff was treated thereafter only one time at Washington Regional Medical Center on March 18, 2008, complaining of aching and pain in his ankle, knee

AO72A
(Rev. 8/82)

and right elbow. The fact that Plaintiff did not seek treatment more frequently is inconsistent with allegations of pain. Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004). Plaintiff stated at that time that drinking cherry and cranberry juice helped more than his medicine, which he stated he could not afford. Although economic justifications for lack of treatment can be relevant to a disability determination, Murphy v. Sullivan, 953, 383, 386 (8th Cir. 1992), a lack of means to pay for medical services "does not ipso facto preclude the Secretary from considering the failure to seek medical attention in credibility determinations." Webb v. Astrue, 2011 WL 98925, at *5 (W.D. Ark., Jan. 12, 2011), quoting from Cole v. Astrue, 2009 WL 3158209, at *6 (W.D.Ark., Sept. 29, 2009). There is nothing in the record to indicate that Plaintiff sought assistance from free clinics or was refused medication or treatment because of his financial condition.

At the hearing, Plaintiff testified that his pain was aggravated by activity and that he could not sit for more than 30 minutes. He testified that he had a severe episode of gout once a month and that the episodes lasted anywhere from three days to a month or two. He has turned over a lot of his yard duties to other people, and stated that he could not get out of bed a couple of times a year. He stated that he had two episodes when his wife had to stay home from work a lot. Plaintiff stated that he did little housework, but did what he felt like he could do in a day. He stated that there were days when he just wanted to sit in his chair and not do anything. Plaintiff's wife testified that she had to quit one of her jobs to stay home and take care of Plaintiff, and has had to give him baths, empty his urinal, and take the doors off the hinges so Plaintiff could get his wheelchair and walker through them. She said that inside the house Plaintiff got around with his walker and tried to help her as much as possible.

-9-

With regard to the testimony of Plaintiff's wife and two friends, the ALJ properly considered this testimony, but found it mainly cumulative. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffered with some degree of pain, he has not established that he was unable to engage in any gainful activity during the relevant time period. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000)(holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)(holding that, although plaintiff did have degenerative disease of the lumbar spine, the evidence did not support a finding of disabled). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**C. RFC Assessment**

Plaintiff contends that the ALJ erred in determining that Plaintiff had the RFC to perform a full range of sedentary work. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning

a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the Plaintiff's subjective complaints and medical records of treating physicians when he determined Plaintiff could perform sedentary work . He considered Plaintiff's two previous back surgeries and gout flare-ups. He also considered the fact that Plaintiff did not take his medications, and the large gap in medical treatment for his back and gout condition between 2001 and 2007. He concluded that from the weight and preponderance of all the credible evidence of record, the pain and discomfort factor was not of such persistence or severity as to be disabling from his alleged onset date through the date of the decision. He further concluded that since the Plaintiff had not seen any physician since 2008, and considering his allegations and the evidence of record in the light most favorable to the Plaintiff, it would be reasonable to conclude that Plaintiff could occasionally lift and carry 10 pounds and frequently less than 10 pounds. Although Plaintiff stated that he used a walker, wheel chair and cane, none of them were prescribed by a physician, and the ALJ fairly concluded that it would be reasonable to conclude that Plaintiff could stand and walk for 2 hours in an 8 hour work day.

The ALJ further took into consideration Plaintiff back surgeries, giving him the benefit of doubt, and concluded that it would nevertheless be reasonable to conclude that Plaintiff would have some limitations, but that he could occasionally climb, balance, crawl, stoop, kneel and crouch. The ALJ also discussed the RFC assessment completed by Dr. Payne and found:

-11-

>   The undersigned has also considered the opinions of the state agency medical consultants who provided assessments at the initial and reconsideration levels and gives more weight to their opinions (Exhibits 7F, 8F, 10F and 11F). Although those physicians were non-examining and their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, those opinions do deserve some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions.
>
>   In the absence of on-going medical treatment and evidence of the claimant's alleged complaints of pain, and the large gap in the record, and considering the testimony, the undersigned is of the opinion that the pain has either been treated successfully or is under control. The longitudinal medical evidence of record does not fully support the claimant's allegations of disability. He has not seen a physician since March 2008 and has not taken advantage of the $4.00 formulary or sought treatment at any of the free local clinics or church organizations. Additionally, no physician has placed any limitations on the claimant at all.

(Tr. 46).

Based on the entire evidence of record, the Court finds substantial evidence to support the ALJ's RFC findings.[3]

**V. Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is supported by substantial evidence, and the Court therefore affirms the ALJ's decision, and dismisses Plaintiff's case with prejudice.

IT IS SO ORDERED this 14th day of April, 2011.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that the VE indicated that Plaintiff would be able to perform work such as charge accountant/new account interviewer, general office clerk, and receptionist and information clerk. However, the Court also notes that the position of Clerk, General, is designated as Light Work, rather than Sedentary Work, which is what was indicated in the ALJ's RFC finding. However, since the other two jobs are classified as Sedentary Work, there is no reason to remand this matter on this issue.

AO72A
(Rev. 8/82)